United States District Court
Southern District of Texas
**ENTERED**
October 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE LUIS PONCE, (TDCJ # 02188515) § § § Petitioner, § § vs. § BOBBY LUMPKIN, § § Respondent. § § § § | CIVIL ACTION NO. H-23-3826 |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Jose Luis Ponce, (TDCJ #02188515), is an inmate in the custody of the Texas Department of Criminal Justice. Representing himself, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2018 conviction and sentence for continuous abuse of a child. (Docket Entry No. 1). After reviewing the petition and the applicable law under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, it appears that Ponce's petition is barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). The court orders Ponce to show cause why this case should not be dismissed as untimely.

**I.      Background**

In March 2018, the 400th District Court sentenced Ponce to 50 years in prison after a jury found him guilty of continuous abuse of a child in Fort Bend County Cause Number 14-DCR-067408 HC-1. (Docket Entry No. 1, pp. 1-2). The Texas First Court of Appeals affirmed Ponce's conviction and sentence in June 2020. *See Ponce v. State*, No. 01-18-00224-CR, 2020 WL 3422289 (Tex. App.—Houston [1st Dist.] June 23, 2020, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals refused Ponce's petition for discretionary review on October 21, 2020. *See* Texas Court of Criminal Appeals, https://search.txcourts.gov

(last visited Oct. 11, 2023). Ponce did not seek further review of his conviction and sentence in the United States Supreme Court. (Docket Entry No. 1, p. 3).

Ponce filed an application for a state writ of habeas corpus on June 2, 2023. (*Id.*). This application was denied without written order on findings of the trial court on June 28, 2023. (*Id.* at 6). *See also* Texas Court of Criminal Appeals, https://search.txcourts.gov/ (last visited Oct. 11, 2023).

On September 28, 2023, Ponce filed his petition for a federal writ of habeas corpus in this court, raising a claim of ineffective assistance of appellate counsel, a claim that the evidence was insufficient to support his conviction, and claims that Texas Code of Criminal Procedure article 38.07 and Texas Government Code article 508.145 are unconstitutional. (Docket Entry No. 1, pp. 5-11). He asks the court to reverse his conviction and remand his case to the state trial court. (*Id.* at 15). Concerning the timeliness of his petition, Ponce alleges that he was never told of the time limits provided by 28 U.S.C. § 2244(d), and he asserts that § 2244(d) is unconstitutional. For the reasons explained below, the court finds that his petition is subject to dismissal as barred by the applicable one-year statute of limitations.

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), which controls a district court's review of a federal habeas petition, contains a one-year limitations period which runs from the latest of four dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending extends the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). But a state habeas application filed after the federal limitations period has expired will not extend the already expired limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

  While the limitations period is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before ordering an answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). Before doing so, the district court must give fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

  Ponce's time to file a federal habeas petition challenging his conviction and sentence began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The pleadings and matters of record show that Ponce's conviction became final for purposes of federal habeas review in January 2021, when the 90-day time to seek review of his conviction in the United States Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired.");

*see also* SUP. CT. R. 13(1) (a petition for a writ of certiorari is due within 90 days of the entry of an order denying discretionary review by the state court of last resort).  The deadline for Ponce to file a timely federal habeas petition was one year later, in January 2022.  Ponce's federal petition, filed September 28, 2023, is well outside the limitations period and is time-barred unless Ponce can show that a statutory or equitable exception applies.

## III. Conclusion and Order

Because it appears from the face of Ponce's petition that it is untimely under 28 U.S.C. § 2244(d)(1)(A), Ponce must show cause in writing **on or before November 30, 2023,** why this case should not be dismissed as barred by the applicable statute of limitations.  Failure to respond to this order by that date will result in the dismissal of this case for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

SIGNED on October 18, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge