United States District Court
Southern District of Texas
**ENTERED**
March 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE LUIS PONCE, <br> (TDCJ # 02188515) | § § § | |
| Petitioner, | § § | |
| vs. | § | CIVIL ACTION NO. H-23-3826 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Jose Luis Ponce, (TDCJ #02188515), is an inmate in the custody of the Texas Department of Criminal Justice. Representing himself, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2018 conviction and sentence for continuous abuse of a child. (Docket Entry No. 1). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the court must review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering Ponce's petition, his response to the court's order to show cause, and all matters of record, the court dismisses his petition as barred by limitations. The reasons are explained below.

**I.      Background**

In March 2018, the 400th District Court sentenced Ponce to 50 years in prison after a jury found him guilty of continuous abuse of a child. (Fort Bend County Cause No. 14-DCR-067408 HC-1; Docket Entry No. 1, pp. 1-2). The Texas First Court of Appeals affirmed Ponce's conviction and sentence in June 2020. *See Ponce v. State*, No. 01-18-00224-CR, 2020 WL 3422289 (Tex. App.—Houston [1st Dist.] June 23, 2020, pet. ref'd) (mem. op., not designated for publication).

The Texas Court of Criminal Appeals refused Ponce's petition for discretionary review on October 21, 2020. *See* Case Inquiry, https://search.txcourts.gov (last visited Mar. 5, 2024). Ponce did not seek further review of his conviction and sentence in the United States Supreme Court. (Docket Entry No. 1, p. 3).

Ponce filed an application for a state writ of habeas corpus on June 2, 2023. (*Id.*). This application was denied without written order, on the findings of the trial court, on June 28, 2023. (*Id.* at 6). *See* Case Inquiry, https://search.txcourts.gov/ (last visited Mar. 5, 2024).

On September 28, 2023, Ponce filed his petition for a federal writ of habeas corpus, raising a claim of ineffective assistance of appellate counsel, a claim that the evidence was insufficient to support his conviction, and claims that Texas Code of Criminal Procedure article 38.07 and Texas Government Code § 508.145 are unconstitutional. (Docket Entry No. 1, pp. 5-11). Ponce alleged that he was never told of the limitations period under 28 U.S.C. § 2244(d), and he asserts that § 2244(d) is unconstitutional because it violates his "right to notice." (*Id.* at pp. 13-14). He asks the court to reverse his conviction and sentence and remand his case to the state trial court. (*Id.* at 15).

Because Ponce's petition appeared untimely on its face, the court ordered him to show cause why his petition should not be dismissed. (Docket Entry No. 7). Ponce filed a response, arguing that he should be entitled to have the limitations period extended under equitable tolling and that his actual innocence excuses his untimely filing. (Docket Entry No. 10). Each argument is analyzed below.

## II. Discussion

### A. The One-Year Limitations Period.

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), controls a district court's review of a federal habeas petition. It contains a one-year limitations period which runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is an affirmative defense, but a district court may raise the defense on its own and dismiss a petition before ordering an answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Before doing so, the district court must give fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Ponce's time to file a federal habeas petition challenging his conviction and sentence began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The pleadings and matters of record show that Ponce's conviction became final for purposes of federal habeas review

3

on January 19, 2021, when the 90-day period to seek review of his conviction in the United States Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired."); *see also* SUP. CT. R. 13(1) (a petition for a writ of certiorari is due within 90 days of the entry of an order denying discretionary review by the state court of last resort). The deadline for Ponce to file a timely federal habeas petition was one year later, on January 19, 2022. Ponce's federal petition was filed on September 28, 2023, well outside the limitations period. His petition is time-barred unless he can show that a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending extends the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). But a state habeas application filed after the federal limitations period has expired will not extend the already expired limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Ponce's state habeas application was filed on June 2, 2023, almost 18 months after the federal limitations period expired. This state habeas application does not extend the limitations period for Ponce's federal habeas petition.

Ponce has not alleged facts to show that any of the other statutory exceptions to the limitations period apply. He has not alleged facts showing that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts showing that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts showing that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Because there is no statutory exception

that applies to extend the deadline for Ponce's petition, it is time-barred unless there is an equitable basis for extension.

### B.     The Equitable Tolling Claim.

In his response to the order to show cause, Ponce asks the court to equitably toll the limitations period because neither his defense counsel nor the state trial court warned him about AEDPA's one-year limitations period. (Docket Entry No. 10, pp. 5-7). Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling applies, at the district court's discretion, only "in rare and exceptional circumstances"). A habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (cleaned up). The failure to file within the limitations period "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002). Neither does a lack of awareness of the law, lack of knowledge of filing deadlines, status as a self-represented litigant, or lack of legal training. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). The petitioner has the burden of establishing that equitable tolling is warranted. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Ponce does not satisfy either requirement for equitable tolling. He argues that the fact that he was never told, whether by his trial counsel, appellate counsel, or the state court, of the AEDPA limitations period is an extraordinary circumstance that prevented timely filing. But, as explained above, a self-represented litigant's lack of awareness of the law, his lack of knowledge of filing deadlines, and his status as a self-represented litigant are not extraordinary circumstances that support equitable tolling of the limitations period. *See Felder*, 204 F.3d 171-72; *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) ("[L]ack of knowledge of applicable filing deadlines is not a basis for tolling."). The Fifth Circuit has specifically rejected the argument that Ponce makes here, that there is a constitutional right to be given specific and individual notice of the AEDPA limitations period. *See Fisher*, 174 F.3d at 714 (refusing to grant equitable tolling based on the petitioner's lack of notice of the limitations period because "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice").

In addition, even if the court were to conclude that the lack of individual notice was an extraordinary circumstance—a finding the court does not make—Ponce does not allege facts showing that he diligently pursued his rights when he did receive notice. "What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019). The record shows that Ponce waited more than two-and-one-half years after the Court of Criminal Appeals denied his petition for discretionary review before filing his state habeas application. He waited an additional three months after his state habeas application was denied before filing his

federal habeas petition. Equitable tolling is not intended to benefit those who sleep on their rights, *see Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012), and these long periods of unexplained inactivity indicate a lack of due diligence.

Because Ponce has not shown that he diligently pursued his state and federal habeas rights but was prevented from timely filing his petition by extraordinary circumstances, he is not entitled to equitable tolling of the limitations period.

**C.     The Actual Innocence Claim.**

As a final basis for an exception to the limitations period, Ponce raises a claim of actual innocence. (Docket Entry No. 10, p. 8). Actual innocence, if proven, may excuse the failure to comply with AEDPA's statute of limitations and provide a "gateway" to review otherwise time-barred claims. *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). This exception to the limitations period requires the habeas petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In determining whether the proffered evidence is "new," the court considers whether the evidence was available to the petitioner or his counsel at the time of trial. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [the petitioner's] personal knowledge or reasonable investigation.'" *Id.* (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)); *see also Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998) (evidence whose "essence or character" was available to be presented at trial is not "new" for purposes of an actual-innocence claim). In addition, the new evidence must bear on the petitioner's factual innocence, not the legal sufficiency of the State's evidence. *See Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

To establish actual innocence, the petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Id.* at 623 (quoting *Schlup*, 513 U.S. at 328).

Ponce argues that he has always maintained his innocence. He contends that the victim's single outcry "presented years after the alleged incident" was insufficient to satisfy due process. (Docket Entry No. 10, p. 8). But the evidence of the credibility of the victim's outcry was known to Ponce and available to be presented at trial. Indeed, Ponce challenged the victim's testimony as "incredible, uncorroborated, and vague" in his direct appeal. *See Ponce*, 2020 WL 3422289, at *1. This evidence does not satisfy the "new" evidence requirement under *Schlup*. In addition, Ponce's argument relies on the alleged legal insufficiency of the evidence rather than his factual innocence.

For both reasons, Ponce's claim does not satisfy the demanding *Schlup* standard for actual innocence and does not fall within this exception to the federal habeas limitations period. Because none of the grounds Ponce identifies to extend the federal habeas filing deadline applies, his petition is untimely. It is dismissed.

### III.    Certificate of Appealability

Ponce has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S.

473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

After carefully considering the pleadings and matters of record, the court concludes that jurists of reason would conclude without debate that the procedural rulings in this case are correct. There are no grounds to issue a certificate of appealability.

### IV. Conclusion

Ponce's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice as barred by limitations. Any other pending motions are denied as moot. A certificate of appealability is denied. Final judgment is separately entered.

SIGNED on March 8, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge